IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GERALDINE WALLER,<br><br>      Plaintiff<br><br>  VS.<br><br>JOANNE B. BARNHART,<br>S.S. Commissioner,<br><br>      Defendant | NO. 5:05-CV-90 (CWH)<br><br>**SOCIAL SECURITY APPEAL** |

## **O R D E R**

This is a review of a final decision of the Commissioner of Social Security denying the plaintiff's claim for benefits under the Social Security Act, 42 U.S.C. § 423. All administrative remedies have been exhausted. Jurisdiction arises under 42 U.S.C. § 405(g). Both parties have consented for the United States Magistrate Judge to conduct any and all proceedings herein including the ordering of the entry of judgment. Any appeal from this judgment permitted by law may be taken directly to the Court of Appeals of the Eleventh Circuit in the same manner as an appeal from any other judgment of a district court. 28 U.S.C. § 636(c)(3).

On July 31, 1999, plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income payments. She alleged disability commencing on August 7, 1998, due to degenerative disc disease, depression, high blood pressure, hypothyroidism, borderline intellectual functioning, and gatroesophageal reflux. The application was denied initially but the Appeals Council remanded the case for further proceedings. Following the remand, the Administrative Law Judge (ALJ) again denied plaintiff application. It was also denied upon further review. This civil action was commenced after the recommendation to deny benefits was adopted as the Commissioner's final decision in this case.

### LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389 (1971).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980).

The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler, supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. 404.1 et seq.

Under the regulations, the Commissioner determines if a claimant is disabled by a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence presented is grounds or reversal. *Id*.

## DISCUSSION

In this appeal, the plaintiff contends that substantial evidence does not support the Commissioner's decision because the ALJ failed to evaluate her physical and mental impairments *in combination*, and improperly failed to find plaintiff's subjective complaints credible.

### 1. Review of Medical Evidence

After careful review, the Court accepts the Commissioner's evaluation of the evidence as set out in the decision of the ALJ. Among other evidence, the ALJ noted that plaintiff suffers from the severe impairments of degenerative disc disease of the lumbar spine and depression. He also noted that plaintiff suffers from high blood pressure, hypothyroidism, borderline intellectual functioning, and gastroesophageal reflux disease. However, the ALJ found these impairments to be non-severe.

### 2. Combination Of Impairments

The plaintiff contends that the Commissioner failed to consider her impairments in combination. Specifically, the plaintiff alleges that ALJ failed to properly evaluate her mental and physical impairments.

A reading of the ALJ's decision in this case shows that he did properly consider the combination issue in accordance with the law of this circuit. R. 15. *See Jones v. Dept. of H.H.S.*, 941 F.2d 1529, 1533 (11th Cir. 1991). Consequently, the court discerns no error committed by the ALJ here. Further, in his opinion, the ALJ specifically stated that he considered all of plaintiff's impairments in combination. R. 22. Besides finding that plaintiff had the severe impairments of degenerative disc disease and depression, the ALJ also considered her complaints of high blood pressure, borderline intellectual functioning, and gastroesophageal reflux disease. R. 19-22. The ALJ properly found that these conditions did not impact plaintiff's ability to maintain employment as she was noted to be non-complaint with her medication or possibly malingering. *Id.* Further, the plaintiff has failed to show how these additional impairments caused any limitations beyond those acknowledged by the ALJ. Therefore, the ALJ properly determined that these impairments were not severe within the meaning of the regulations.

In the undersigned's view, the Commissioner properly evaluated the evidence from plaintiff's combination of impairments.

### 3. Credibility

The plaintiff contends that the Commissioner made an improper credibility finding. Specifically, the plaintiff alleges that the ALJ erred in not finding her subjective complaints as to her mental and physical impairments credible.

Where proof of a disability is based upon subjective evidence and a credibility determination is thus a critical factor in the Commissioner's decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding. Although this circuit does not require an explicit finding as to credibility, the implication must be obvious to the reviewing court. *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995).

The ALJ did not err in assessing the plaintiff's credibility. The ALJ properly considered the plaintiff's daily activities, the consistency of the plaintiff's testimony, and the treatment record in evaluating her credibility. R. 18. Also, as previously noted, all of plaintiff's impairments were considered in combination. R. 22.

In support of his determination that plaintiff's subjective allegations of disabling pain were not credible, the ALJ noted that plaintiff provided contradictory information as to her medical conditions and impairments.  For example, the ALJ pointed out that plaintiff testified in 2000 that she did not attend special education classes in school; yet she asserted that she did attend special education in her disability application.  R. 18.  He further noted that plaintiff gave "contradictory and inconsistent" information about the exertional and supervisory responsibilities of her past work.  *Id*.  Specifically, plaintiff testified that she supervised 3-5 people, but the written report stated that she supervised 8.  *Id*.  Based on this, and other evidence, the ALJ properly found plaintiff to be less than credible.

In the undersigned's view, the Commissioner properly found plaintiff to not be fully credible about her physical and mental limitations.

Accordingly, IT IS ORDERED that the Commissioner's decision be  **AFFIRMED.**[2]

SO ORDERED, this 7th day of JULY, 2005.



                                      CLAUDE W. HICKS, JR.
                                      UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff also contends that the ALJ improperly engaged in "sit and squirm" jurisprudence in this case. A review of his decision (R.16-24) reveals that the ALJ only relied on the plaintiff's demeanor and appearance during the hearing as one factor, among many others, for discrediting her subjective testimony. *See Norris v. Heckler*, 760 F.2d 1154, 1157-58 (11th Cir. 1985).